STATE of Wisconsin, Plaintiff-Respondent,

v.

Keith A. FRANSZCZAK, Defendant-Appellant.†

Court of Appeals

*No. 01–1393–CR. Submitted on briefs March 7, 2002.—Decided May 1, 2002.*

2002 WI App 141

(Also reported in 647 N.W.2d 396.)

† Petition to review denied 7-26-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martin E. Kohler* and *Brian Kinstler* of *Kohler & Hart* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Christopher G. Wren*, assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. NETTESHEIM, P.J. A jury found Keith A. Franszczak guilty of burglary while armed with a dangerous weapon pursuant to WIS. STAT. § 943.10(2)(a) (1999–2000)[2] and misconduct in public office pursuant

---

[2] All statutory references are to the 1999–2000 version unless otherwise noted.

to Wis. Stat. § 946.12(2).[3] Franszczak appeals from the ensuing judgment of conviction and an order denying postconviction relief. Franszczak contends that the trial court erred by denying his request for a pretrial evidentiary hearing pursuant to Wis. Stat. § 165.79(1) at which Franszczak intended to question a state crime laboratory analyst about possible contamination of the evidence submitted to the analyst for testing. Relying on the pretrial privilege recited in the statute, the court rejected Franszczak's request for a hearing and quashed the subpoena that Franszczak had issued to the analyst. We uphold the trial court's ruling.

## THE ROLE OF THE STATE CRIME LABORATORY

¶ 2. Because the role of the state crime laboratory lies at the heart of this case, we first speak to this matter. The purpose of the state crime lab is to provide technical assistance to law enforcement. Wis. Stat. § 165.75(3)(a). The employees of the state crime lab may not undertake criminal investigations "except upon the request of a sheriff, coroner, medical examiner, district attorney, chief of police, warden or superintendent of any state prison, attorney general or governor."[4] *Id.* at (3)(b).

---

[3] Franszczak committed the burglary while on duty as a police officer. Thus, he was also charged with misconduct while in public office.

[4] In addition, the head of any state agency may request an investigation by the state crime lab, but such request is limited to the field of responsibility vested in the particular agency. Wis. Stat. § 165.75(3)(b).

¶ 3. WISCONSIN STAT. § 165.79(1), entitled "Evidence privileged," is the particular statute at issue in this case. It reads:[5]

> (1) Evidence, information and analyses of evidence obtained from law enforcement officers by the laboratories is privileged and not available to persons other than law enforcement officers nor is the defendant entitled to an inspection of information and evidence submitted to the laboratories by the state or of a laboratory's findings, or to examine laboratory personnel as witnesses concerning the same, prior to trial, except to the extent that the same is used by the state at a preliminary hearing and except as provided in s. 971.23.
>
> Upon request of a defendant in a felony action, approved by the presiding judge, the laboratories shall conduct analyses of evidence on behalf of the defendant. No prosecuting officer is entitled to an inspection of information and evidence submitted to the laboratories by the defendant, or of a laboratory's findings, or to examine laboratory personnel as witnesses concerning the same, prior to trial, except to the extent that the same is used by the accused at a preliminary hearing and except as provided in s. 971.23.
>
> Employees who made examinations or analyses of evidence shall attend the criminal trial as witnesses, without subpoena, upon reasonable written notice from either party requesting the attendance.

Sec. 165.79(1).

¶ 4. In summary, WIS. STAT. § 165.79(1) works as follows. All evidence, information and analyses of evidence submitted to the crime lab by law enforcement is

---

[5] In the official printed version of the statutes, WIS. STAT. § 165.79(1) is recited in a single paragraph. We have broken out the language into three paragraphs for ease of reading.

privileged and therefore is off limits to a defendant prior to trial. The same is true as to the analyses of such evidence by the crime lab. This privilege also bars any effort by a defendant to examine crime lab personnel as witnesses prior to trial. However, this privilege does not apply in two situations: (1) where the State has used the evidence at a preliminary hearing, and (2) where the evidence is otherwise subject to discovery or inspection pursuant to WIS. STAT. § 971.23.

¶ 5. With the approval of the trial court, a defendant in a felony case may also use the services of the crime lab. In that setting, the statute works in the reverse. The evidence submitted by the defendant, as well as the ensuing analyses by the crime lab, is off limits to the State, and the State may not examine the crime lab personnel as witnesses prior to trial. In addition, the "preliminary hearing" and "discovery" exceptions also apply.

¶ 6. In either setting, the statute provides that crime lab witnesses shall attend the trial without subpoena upon reasonable notice from the party requesting the attendance.

¶ 7. As noted, the statutory privilege set out in WIS. STAT. § 165.79(1) is subject to the discovery and inspection provisions of WIS. STAT. § 971.23. As relevant to this case, § 971.23(1)(e), (g) and (h), respectively, require the State to comply with a defendant's demand for disclosure of "any reports or statements of experts . . . that [the State] intends to offer in evidence at trial;" for inspection of "[a]ny physical evidence that [the State] intends to offer in evidence at the trial;" and for disclosure of "[a]ny exculpatory evidence." In addition, § 971.23(5) permits either party to seek an order

directing the production of any physical evidence for scientific analysis under such conditions as the court deems proper.

¶ 8. The legislative decision to exempt the discovery and inspection provisions of WIS. STAT. § 971.23 from the privilege otherwise conferred by WIS. STAT. § 165.79(1) makes eminent sense. Were it otherwise, we would return to the old days of "trial by ambush" as to crime lab evidence. In addition, the exemption for exculpatory evidence assures that the constitutional due process right to such evidence decreed by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny is honored.

## FACTS AND PROCEDURAL HISTORY

¶ 9. With our explanation of WIS. STAT. § 165.79(1) in place, we turn to the facts. On July 27, 1995, the City of Brookfield Police Department received a report of a burglary from the president of Real Refrigeration, Richard Reinhart. Reinhart indicated that when he arrived at Real Refrigeration that morning, he discovered that someone had entered the building and had attempted to open a large office safe by prying off the pins on the right-hand side of the safe. Reinhart also indicated that someone had forcibly kicked in a locked office door.

¶ 10. The police obtained a video recording from a neighboring business that depicted an individual attempting to gain entrance to its building on the night of July 26 and the early morning hours of July 27. Officer Hal McNeill recognized Franszczak, a police officer with the Village of Butler Police Department, as the individual attempting to open the front of the neighboring business at 12:07 a.m. In the video, Franszczak

is wearing his police uniform and a pair of "low-cut running type/athletic shoes," and his hands are bare. Franszczak appears again on the videotape at 12:43 a.m. in identical clothing but wearing a pair of leather gloves.

¶ 11. At trial, Franszczak testified that he had conducted an investigation of Real Refrigeration on the night in question and that he was the person seen on the videotape. Franszczak testified that he was on patrol when he noticed an open door at Real Refrigeration. He investigated the situation by entering through the door, held open by a piece of cardboard. According to Franszczak, he surveyed the interior of the building and then left, replacing the cardboard in the door with the assumption that an employee had intentionally left the door open so as not to be locked out. Franszczak denied that he attempted to break into the safe.

¶ 12. Franszczak testified that he returned to patrol, conducted a traffic stop and told Officer Jay Kreier about the door at Real Refrigeration. Franszczak returned to Real Refrigeration, entered the building, conducted a building check, found everything to be in order and left, securing the door behind him.

¶ 13. On July 28, 1995, McNeill, along with another officer, contacted Franszczak and advised him of his constitutional rights. Franszczak waived his rights and complied with McNeill's request that he turn over his uniform, footwear and knife that he was wearing on duty on July 26 and 27, 1995. The items were submitted to the state crime lab for analysis in July 1995. This analysis indicated that metal fragments found on the clothing matched metal fragments discovered at the scene of the crime.

¶ 14. In a letter dated June 26, 1997, the State notified Franszczak that the crime lab had completed

its analysis of the items and that the evidence was available for inspection by Franszczak at the Brookfield Police Department. This letter also enclosed a copy of the crime lab's testing report. After reviewing the report, Franszczak retained an expert to independently test the items. He then sought an order from the trial court authorizing such testing pursuant to Wis. Stat. § 971.23(5). The court granted the motion. Franszczak's expert tested the items and concluded that the police had contaminated the evidence when initially collecting it, and the crime lab had further contaminated the evidence during its testing process.

¶ 15. Based on these findings, Franszczak filed a pretrial motion to suppress the evidence and the crime lab's test results. In support, Franszczak contended that the contamination constituted a break in the chain of the evidence. The trial court scheduled a hearing on Franszczak's motion for December 3, 1997. Franszczak subpoenaed the crime lab analyst, Raymond Lenz, to this hearing, intending to question Lenz about his testing methods and results.

¶ 16. On the day before the hearing, the trial court received a letter from the State objecting to the Lenz subpoena. At the hearing, Franszczak was unable to proceed due to the unavailability of his expert so the matter was rescheduled for February 26, 1998. At the adjourned hearing, Franszczak's expert was present, but Lenz did not appear as a result of the attorney general's advice that Lenz did not have to honor Franszczak's subpoena due to the statutory privilege set forth in Wis. Stat. § 165.79(1). The court took the matter under advisement and requested the parties to file briefs on the issue of whether an evidentiary hearing was required and whether Lenz must honor the subpoena.

¶ 17. In a written decision, the trial court denied Franszczak's request for a pretrial evidentiary hearing. In support, the court noted: (1) that the State had not used the crime lab evidence at the preliminary examination, and (2) that the State otherwise refused to waive the privilege under WIS. STAT. § 165.79(1). The court also quashed Lenz's subpoena.

¶ 18. At the ensuing trial, the jury found Franszczak guilty of burglary while armed with a dangerous weapon and misconduct in public office. On May 3, 2001, the trial court denied Franszczak's motion for postconviction relief. Franszczak appeals.

### DISCUSSION

¶ 19. This case requires that we apply the provisions of WIS. STAT. § 165.79(1) to the facts. That exercise presents a question of law that we review de novo. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999).

¶ 20. As we have explained, the privilege recited by WIS. STAT. § 165.79(1) has only two exceptions: (1) where the evidence is used by the State at a preliminary hearing, and (2) where the evidence is subject to the discovery and inspection provisions of WIS. STAT. § 971.23. Franszczak does not argue that the State used the crime lab evidence at the preliminary hearing, so that exception does not apply. Therefore, Franszczak rests his case on the "discovery and inspection" exception, and, in particular, on the exculpatory evidence provisions of § 971.23(1)(h). Because the evidence was exculpatory, Franszczak concludes that he was entitled to question Lenz at a pretrial evidentiary hearing.

¶ 21. The flaw in Franszczak's argument lies in his assumption that the evidence was exculpatory when it was in the possession of the crime lab. When the evidence was seized and submitted to the crime lab, the State did not know whether the crime lab testing would produce inculpatory, exculpatory, or inconclusive results. The State submitted the evidence for testing to resolve that very uncertainty. The ensuing testing established that the evidence was not exculpatory. Instead, it was highly inculpatory—the testing matched metal fragments on Franszczak's clothing with metal fragments from the scene of the burglary. So the State was under no obligation to disclose the evidence or the test results to Franszczak under the exculpatory evidence provisions of Wis. Stat. § 971.23(1)(h).

¶ 22. Moreover, the State's gratuitous disclosure of the crime lab report and tender of the evidence to Franszczak for his own testing rendered the application of Wis. Stat. § 165.79(1) moot. The law of exculpatory evidence requires the State to reveal evidence helpful to a defendant's cause. Section 165.79(1) defers to this law and Wis. Stat. § 971.23(1)(h) implements it. Here, although the State did not view the evidence as exculpatory and did not tender the evidence to Franszczak on that basis, the fact remains that the State turned the evidence over to Franszczak, giving him a full opportunity to explore any exculpatory aspects of it.

¶ 23. Another flaw in Franszczak's argument is his apparent belief that the evidence acquired exculpatory status under Wis. Stat. §§ 165.79(1) and 971.23(1)(h) because the subsequent testing by his expert concluded that the evidence had been contaminated by the police and by the crime lab. As we have already explained, the crime lab analysis did not even

remotely suggest that the evidence was exculpatory. To the contrary, the evidence was inculpatory. The mere fact that Franszczak's expert was able to later put an exculpatory spin on the evidence did not entitle Franszczak to examine the crime lab analyst in a pretrial hearing. Simply put, Franszczak has the cart before the horse on this question. As we have noted, the purpose of § 165.79(1) had already been satisfied when Franszczak sought to retroactively invoke the procedures of the statute.

¶ 24. Instead of entitling Franszczak to a pretrial evidentiary hearing, the findings of Franszczak's expert offered him the opportunity to do battle with the State's expert at trial. And that was how the scene played out at the jury trial. Both sides presented their expert witnesses on the question of whether the evidence implicated or exonerated Franszczak. This "battle of the experts" was exactly what the law contemplates. Allegations of contamination go to the weight to be given particular evidence and not to its admissibility. *State v. Buck*, 210 Wis. 2d 115, 127–28, 565 N.W.2d 168 (Ct. App. 1997).

¶ 25. In summary, Franszczak got exactly what he was entitled to under the interplay between WIS. STAT. §§ 165.79(1) and 971.23. The privilege set out in § 165.79(1) did not bar Franszczak from obtaining the evidence he was entitled to under the discovery and inspection provisions of § 971.23. Franszczak received the physical evidence that the State intended to offer at trial pursuant to § 971.23(1)(g). He also received a copy of the crime lab report pursuant to § 971.23(1)(e). Finally, he was granted permission to submit the evidence for testing by his own expert pursuant to § 971.23(5).

But Franszczak was not entitled to examine the crime lab analyst at an evidentiary hearing under § 165.79(1).[6]

### CONCLUSION

¶ 26. We uphold the trial court's denial of Franszczak's request for an evidentiary hearing under WIS. STAT. § 165.79(1). We affirm the judgment and postconviction order.

*By the Court.*—Judgment and order affirmed.

---

[6] Because we hold that the evidence was not exculpatory within the meaning of WIS. STAT. §§ 165.79 and 971.23(1)(h), we need not address the State's further argument that the admission of the state crime lab evidence was harmless error.